UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD L. MCCOY,

v.  Case No. 8:90-cr-132-T-17EAJ
    8:07-cv-2350-T-17EAJ

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant McCoy's successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (Doc. cv-1; cr-939).

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

1. Defendant not fulfilled the requirements of the statutes as set out above.

Accordingly, Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-939) is denied.  The Clerk is directed to enter judgment against Defendant in the civil case and to close that case.

2. Defendant's motion to waive one-year statutory period of limitation and reinstatement of original 2255 motion (Doc. cv-2) is denied.

ORDERED at Tampa, Florida, on December 28, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA
Pro Se Litigant: Reggie McCoy